UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLARD BRANDENBURG** | : | **CIVIL ACTION NO. 12-cv-2569** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, WINN CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Willard Brandenburg filed the instant petition for writ of habeas corpus on September 24, 2012, seeking relief pursuant to 28 U.S.C. § 2254. He is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. Petitioner was incarcerated at Winn Correctional Center in Winnfield, Louisiana, when suit was filed. During the pendency of this action petitioner was transferred to Allen Correctional Center in Kinder, Louisiana. Petitioner attacks his 2005 aggravated burglary conviction in the Thirty-First Judicial District Court in Jefferson Davis Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons discussed herein, IT IS RECOMMENDED that the petition be DENIED AND DISMISSED WITH PREJUDICE.

#### Statement of the Case

A review of the pleadings and exhibits filed in the present matter, as well as the documents filed in *Brandenburg v. Warden, Elayn Hunt Correctional Center*, 2:09-cv-822 (W.D. La.), establishes the following:

On November 22, 2005, petitioner was found guilty of aggravated burglary. On March 9, 2006, he was sentenced to serve thirty (30) years at hard labor without benefit of parole.

Petitioner, represented by counsel, appealed his conviction and sentence to the Third Circuit Court of Appeal. He argued six assignments of error: (1) the evidence was insufficient to support the verdict; (2) hearsay [911 tape] was improperly introduced into evidence; (3) the trial court erred in sustaining an objection to the hearsay testimony of Rhonda Comeaux; (4) the trial court erred when it denied petitioner's request to discharge retained counsel and represent himself; (5) the trial court erred in denying motions for mistrial made pursuant to Louisiana Code of Criminal Procedure article 775, and (6) the sentence was constitutionally excessive. *Bradenburg v. Warden, Elayn Hunt Correctional Center*, 2:09-cv-822 (W.D. La.), Doc. 6, Manual Attachment, Exhibit B.

Petitioner also filed a *pro se* supplemental brief arguing four additional assignments of error: (1) the trial court erred in allowing the jury to take a copy of unknown material into the jury deliberations and gave an improper jury instruction; (2) the trial court erred in denying a continuance; (3) the indictment was invalid; and (4) the applicable limitations period had lapsed. *Id.* at Exhibit C.

Petitioner's conviction and sentence were affirmed on February 7, 2007. *State v. Brandenburg*, 949 So.2d 625 (La. App. 3d Cir. 2/7/2007). The appellate court did not review the first *pro se* assignments of error (unknown material taken into jury and improper jury instruction). It held that the assignments were procedurally defaulted because petitioner did not lodge an objection at trial as required by the Louisiana Code of Criminal Procedure. *Id.* at 647. The court also refused to reach the merits of the fourth *pro se* assignment of error since it was not properly raised on appeal. *Id.* at 649.

On an unspecified date petitioner filed a *pro se* writ application with the Louisiana Supreme Court. He argued the six claims alleged by counsel on direct appeal as well as the four *pro se* claims he had raised. *Bradenburg v. Warden, Elayn Hunt Correctional Center*, 2:09-cv-822 (W.D. La.), Doc. 6, Manual Attachment, Exhibit J. In a writ application dated March 8, 2006, counsel also sought review with the Louisiana Supreme Court. Counsel raised three grounds for relief: (1) the evidence was insufficient to support the verdict; (2) the trial court trial court error in sustaining the hearsay objection to Ms. Comeaux's testimony, and (3) the trial court should have granted a mistrial. *Id.*

The Louisiana Supreme Court denied both the *pro se* and counseled writ applications on October 26, 2007. *State v. Brandenburg*, 966 So.2d 573 (La. 10/26/2007); *State v. Brandenburg*, 966 So.2d 971 (La. 10/26/2007). Petitioner did not seek direct review with the United States Supreme Court.

On October 14, 2008, petitioner filed an application for post-conviction relief in the Thirty-First Judicial District Court. The application alleged the following grounds for relief:

1. The conviction was unlawfully obtained pursuant to a criminal statute that does not fit the alleged crime committed.

2. The conviction was obtained by action of grand or petit jury which was unconstitutionally selected or impaneled.

3. The trial court erred in denying defendant's Motion for Mistrial based on Challenge for Cause to dismiss potential biased jurors.

4. The trial judge's remarks during second jury panel selection (when he instructed jury that they would be in trouble with him if they discussed this case with anybody) was trial court error by use of intimidation.

5. Petitioner received ineffective assistance of counsel by appellate counsel for the attorney's failure to properly claim the erroneous use of 911 tapes as evidence presented to the jury.

6. The conviction was obtained by the use of tainted evidence.

> 7. Defense counsel was additionally ineffective in the following particulars: failure to meet with defendant in order to discuss and prepare defense; failure to promptly object to Mrs. Davis's testimony based on inconsistency with 911 tape; failure to establish tainted evidence; failure to have medical expert testify concerning the gunshot wound sustained by the defendant; and, failure to properly object to the State's comment about Mr. Davis and defendant as being worse enemies.
>
> 8. Petitioner was denied due process of law protections under the La. State Constitution, Art. I, Sections 2 and 15, and the U.S. Constitution, Amendments 5, 6 and 14 in that his conviction was obtained by invalid indictment (the State failed to dismiss the first indictment prior to prosecuting him on the second indictment) and erroneous amendment of Grand Jury Indictment.

*Bradenburg v. Warden, Elayn Hunt Correctional Center*, 2:09-cv-822 (W.D. La.), Doc. 6, Manual Attachment, Exhibit K.

The district court denied post-conviction relief on October 28, 2008. The court noted that the claims of ineffective assistance, as well as the underlying claims for relief, had all be raised and resolved on direct appeal. *Id.* at Exhibit L. The district court denied a motion for rehearing on December 10, 2008. *Id.* at Exhibit M.

On December 19, 2008, petitioner filed a writ application in the Third Circuit Court of Appeals. He raised two claims for relief: (1) petitioner was denied his Sixth Amendment right to an impartial jury; and, (2) improper jury instruction. *Id.* at Exhibit O. On April 30, 2009, the Third Circuit denied writs noting:

> There was no error in the trial court's rulings. Furthermore, while Relator argued inadequate and faulty jury instructions in brief to this court, he did not allege error regarding jury instructions in the application for post-conviction relief. Therefore, this issue is not properly before this court. Uniform Rules – Courts of Appeal, Rule 1-3.

*Id.* at Exhibit P (*State v. Brandenburg*, KH 08-01562 (La. App. 3 Cir. 4/30/2009)). Petitioner did not seek further review with the Louisiana Supreme Court.

Petitioner then sought habeas relief in United States District Court for the Middle District of Louisiana. Petitioner signed his federal habeas petition on May 5, 2009; he mailed it to the Middle District of Louisiana on May 13, 2009. It was received and filed in that court on May 14, 2009, and transferred to this court on May 20, 2009. *Id.* at Doc. 1, pp. 8–9.

Petitioner argued four claims for relief: (1) the jury was partial due to extraneous contact with government officials who gave jurors information about the case and about petitioner's prior criminal history and reputation, and the trial court refused to ascertain the extent that the jury was tainted by this information; (2) the jury instructions "created a mandatory presumption relieving the State's burden of proof" by allowing the jury to convict the petitioner of aggravated burglary upon a finding that he committed a simple battery during the course of the burglary; (3) trial court denied petitioner due process by failing to provide additional peremptory challenges on voir dire; and (4) petitioner was denied the right to confront and cross examine the police officers who allegedly discussed the case and petitioner's criminal history in front of the jurors *Id.* at Doc. 1, pp. 4–5.

On July 1, 2010, the undersigned recommended that claims one, three, and four be dismissed as they were not fairly presented to the Louisiana courts, and consequently, became procedurally defaulted. The undersigned further recommended that claim two be dismissed because it was procedurally defaulted by the Louisiana courts. *Id.* at Doc. 7, p. 25. On August 16, 2010, the district court adopted that recommendation and dismissed the petition. *Id.* at Doc. 12.

Petitioner then filed a *pro se* application for post-conviction relief in the Thirty-First Judicial District Court. *Id.* at Doc. 1, att. 3, p. 12. The application was signed by petitioner on August 13, 2010. In his application, petitioner raised several claims for relief that were

previously raised on direct appeal and for post-conviction relief. On September 13, 2010, the district court dismissed the application, noting that petitioner's

> sentence and conviction became final after the Louisiana Supreme Court refused to review the decision of the Third Circuit Court of Appeal on October 26, 2007. Consequently, as more than two (2) years have passed since Brandenburg's conviction and sentence becoming final and as Brandenburg has not proven that his claim fits within one of the exceptions listed in Article 930.8, his motion is hereby denied.

*Id.* at Doc. 1, att. 3, p. 34.

On October 14, 2010, petitioner filed a writ application with the Third Circuit Court of Appeal. On May 2, 2011, the court denied writs noting that the application was untimely. *Id.* at Doc. 1, att. 3, p. 48. Petitioner moved for rehearing, and the motion was denied on August 24, 2011. *Id.* at Doc. 1, att. 3, p. 55.

On September 20, 2011, petitioner filed an application for writ of certiorari with the Louisiana Supreme Court. *Id.* at Doc. 1, att. 3, p. 57. The application was denied by the on May 25, 2012. *Id.* at Doc. 1, att. 3, p. 9; *State ex rel. Brandenburg v. State of Louisiana*, 89 So.3d 1204 (La. 5/25/2012).

Petitioner filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 24, 2012. Petitioner makes a number of claims for relief, including: (1) that he was denied a fair trial by an impartial jury; (2) the jury charges relieved the State of its burden to prove all essential elements of the charged offense; (3) the trial court denied petitioner additional peremptory challenges where the jury was partial and biased; and (4) he was denied the right to confront and cross-examine witnesses regarding juror pool tampering. Docs. 1, 6.

Case 2:12-cv-02569-PM-KK   Document 7   Filed 05/01/13   Page 7 of 10 PageID #: 130

**Law and Analysis**

**A. Limitations Period of § 2244(d)(1)(A)**

Section 2254(d)(1)(A) of Title 28 to the United States Code provides a one year limitations period within which persons who are in custody pursuant to the judgment of a state court, may seek habeas review in federal court.[1] Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

This limitation period generally runs from the date that the conviction becomes final. The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

In order to determine whether a habeas petition is time-barred under the provisions of section 2244(d), the court must ascertain (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the State courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

**B. Finality of Judgment**

The Louisiana Supreme Court denied writs to review petitioner's conviction on direct appeal on October 26, 2007. Petitioner had ninety (90) within which he could have sought

---

[1] **Error! Main Document Only.**Nothing in the record suggests that the limitations period should be longer as provided by 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Petitioner has not alleged the presence of state created impediments to filing. The claim does not arise as a result of a newly recognized constitutional right, nor does it involve the recent discovery of a factual predicate of a claim for relief.

review by the United States Supreme Court. Petitioner's judgment of conviction and sentence became final when that window closed on January 25, 2008. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Thus, the limitations period began to run on that date, affording petitioner one year, or until January 26, 2009, within which to file his federal habeas petition.

### C.  Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2)

A period of eight months and three weeks lapsed between from January 26, 2008 (the date of final judgment of conviction) and October 14, 2008 (the date petitioner filed his first application for post-conviction relief). This period counted toward petitioner's one year limitation period. *See* 28 U.S.C. 2244(d)(2).

Petitioner first sought habeas relief in federal court on May 13, 2009. That petition was dismissed on August 16, 2010.

Petitioner then filed a second application for post-conviction relief in the Thirty-First Judicial District Court. The application was signed by petitioner on August 13, 2010, and denied by the court on September 13, 2010. The Louisiana Supreme Court dismissed the application as time-barred. Thus, this application for post-conviction relief did not toll limitations as it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed" within the meaning of the statutory tolling provision). "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal quotation marks and brackets omitted).

The date that petitioner's first habeas petition was denied by this court—August 16, 2010—marks the end of any tolling. The current habeas petition was filed on September 24,

2012, some two years later. The limitation period had long expired, rendering the instant petition untimely.

## Conclusion

IT IS RECOMMENDED that the petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 1st day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE